**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| John Brooks and Larry Chadwick Walker, II, | C/A No.: 3:24-7115-JFA |
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| | (Violation of FLSA) |
| The Town of South Congaree, | (Jury Trial Demanded) |
| Defendant. | |

Plaintiffs John Brooks and Larry Chadwick Walker, II ("Plaintiffs"), complaining of Defendant Town of South Congaree ("Defendant"), would respectfully show unto this Honorable Court as follows:

## <u>NATURE OF THE ACTION</u>

1.     Plaintiffs were police officers who worked for the Defendant. During their tenure with Defendant, Plaintiffs each worked hours over 84 hours in a 14-day period. As instructed by Defendant's agents, Plaintiffs tracked their hours worked over 84 hours in a 14-day period. Defendant's policies dictate that Plaintiffs' hours worked over 84 hours in a 14-day period could be paid out or added to Plaintiffs' compensatory time bank to be paid out when they left their employment. When Plaintiffs each left Defendant's employ, they submitted their accrued compensatory time totals for payment by Defendant. However, Defendant elected not to pay Plaintiffs their full earned but unused compensatory time in accordance with the law. This is an action brought individually for unpaid overtime compensation, liquidated damages, attorney's fees, and for other relief under the Fair Labor Standards Act ("FLSA").

2.     This action arises out of Plaintiffs' employment with Defendant.

1

## PARTIES, JURISIDICTION, & VENUE

3.      Plaintiff John Brooks is a resident of Lexington County, South Carolina.

4.      Plaintiff Larry Chadwick Walker, II is a resident of Richland County, South Carolina.

5.      Defendant Town of South Congaree is a municipality in the county of Lexington, South Carolina.

6.      This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

7.      Defendant is a South Carolina municipality and is subject to its personal jurisdiction.

8.      Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

9.      Defendant hired Plaintiff Brooks on or about August 2022 as a Patrol Officer for its police department.

10.      Defendant hired Plaintiff Walker on or about January 28, 2021 as a Sergeant for its police department.

11.      During Plaintiffs' employment with Defendant, Defendant's policy for law enforcement personnel was that law enforcement personnel would receive overtime premiums after working over 84 hours in a 14-day period. In lieu of a cash payment for such overtime compensation, the Town could elect to credit employees with compensatory time at the rate of 1.5 hours for each overtime hour worked.

12.      During their time working for Defendant, Plaintiffs frequently worked over

2

84 hours in a 14-day period.

13.     Defendant did not pay Plaintiffs a cash payment for their hours worked over

84 hours in a 14-day period.

14.     On or about May 18, 2024, Plaintiff Walker resigned from his employment

with Defendant and requested that his 322 hours of earned but unused compensatory

time be paid out in accordance with the Fair Labor Standards Act.

15.     In May 2024, Plaintiff Brooks resigned from his job with Defendant in writing

effective June 1, 2024, and requested that his 295 hours of unused compensatory time

be paid out in accordance with the Fair Labor Standards Act.

16.     Upon information and belief, other of Defendant's law enforcement

personnel have had their full compensatory time paid out when they left Defendant's

employ.

17.     To date, Defendant has refused to pay out all of Plaintiffs' earned but

unused compensatory time, electing to only pay a partial amount of Plaintiffs' earned by

unused compensatory time.

18.     Plaintiffs have lost earned wages and incurred attorney's fees to pursue this

action.

## FOR A FIRST CAUSE OF ACTION
Fair Labor Standards Act – Unpaid Overtime
(Individual and Collective Action, 29 U.S.C. § 201, *et seq.*)

19.     Plaintiffs repeat and reallege each and every allegation of the foregoing

paragraphs as if restated herein verbatim.

20.     Defendant employed Plaintiffs as law enforcement officers during the time

periods relevant to this Complaint.

21.    Defendant is a covered employer within the meaning of the FLSA, as it is a political subdivision of South Carolina.

22.    Throughout Plaintiffs' employment, Defendant required Plaintiffs to work in excess of 84 hours per 14-day period without compensating Plaintiffs for such hours worked in excess of 84 hours in a 14-day period at a rate of not less than one and one-half times Plaintiffs' regular rate of pay in violation of Section 7(a) of the Fair Labor Standards Act.

23.    Defendant knew it had a duty to pay Plaintiffs their earned but unused compensatory time required by the Fair Labor Standards Act when Plaintiffs left their employment with Defendant.

24.    Defendant's failure and/or refusal to pay Plaintiffs the overtime wages required when it knew Plaintiffs had accrued overtime hours as compensatory time is a willful violation of the Fair Labor Standards Act within the meaning of 29 U.S.C. § 255(a).

25.    As a direct result of Defendant's actions, which Plaintiffs contend were willful in nature, Plaintiffs are entitled to an award against Defendant for actual, compensatory, and punitive damages, including both back pay and liquidated damages, along with attorneys' fees and costs related to this action and any pre-judgment interest.

26.    Plaintiffs are entitled to damages in the amount of their unpaid overtime compensation, liquidated damages from three years immediately preceding the filing of this action, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §§ 216(b) and 255(a), and such other legal and equitable relief as the Court deems just and proper.

27.    The work and pay records of Plaintiffs are in the possession, custody, and/or control of Defendant and Defendant is under a duty pursuant to Section 11(c) of

4

the FLSA, 29 U.S.C. § 211(c), and pursuant to regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of Defendant's liability can be ascertained. Plaintiffs requests an order from this Court requiring Defendant to preserve such records during the pendency of this action.

28.    Plaintiffs are also entitled to an award of reasonable attorney's fees and costs incurred in prosecuting this action, as provided by the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Therefore, Plaintiffs respectfully request that this Court grant the following relief:

a.    A declaratory judgment that Defendant has willfully and in bad faith violated the overtime compensation provisions of the FLSA and has deprived Plaintiffs of their rights to such compensation;

b.    An order requiring Defendant to provide a complete and accurate accounting of all the overtime compensation and other compensation to which Plaintiffs are entitled;

c.    An award of monetary damages to Plaintiffs in the form of back pay for overtime compensation and other compensation due, together with liquidated damages in an equal amount;

d.    Injunctive relief ordering Defendant to amend its wage and hour policies to comply with applicable laws;

e.    Pre- and post-judgment interest;

f.    Actual and liquidated damages;

g.    Punitive damages to deter Defendant from continuing its illegal action;

h.    An award of costs and expenses of this action together with attorney's fees;

i.    Such other and further relief and this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand

a trial by jury.

Respectfully submitted,

s/ Sarah J.M. Cox
Sarah J.M. Cox (Fed Bar No.: 13166)
BURNETTE SHUTT & MCDANIEL, PA
Post Office Box 1929
Columbia, South Carolina 29202
Tel.  (803) 904-7930
Fax  (803) 904-7910
SCox@BurnetteShutt.Law

**ATTORNEY FOR PLAINTIFFS**

Columbia, South Carolina

December 9, 2024